UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| RICELAND FOODS, INC., | ) |  |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 4:14 CV 81 CDP |
| GRAY, RITTER & GRAHAM, P.C., | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This case is before me on a motion by plaintiff Riceland Foods, Inc. to remand the action to state court. Defendants Gray, Ritter & Graham, P.C. and other law firm and attorney defendants removed the case under the Class Action Fairness Act after they filed a class-action counterclaim. Their counterclaim asserts claims against plaintiff Riceland on behalf of themselves and others who had contributed to a common benefit fund in related litigation. Defendants assert that CAFA removal jurisdiction is appropriate based on their counterclaim, because it is brought on behalf of a putative class and they are defendants in the original suit. I conclude that CAFA's removal statute does not allow these defendants/counterclaim plaintiffs to remove based on their own counterclaim, and so I will remand the case to the Arkansas state court from which it was removed.

**Background**

This case and several others have grown out of the resolution of the multi-district litigation known as *In re Genetically Modified Rice Litigation,* Case No. 4:06MD1811 CDP (E.D. Mo.). Riceland is an Arkansas agricultural cooperative who was both a defendant and a plaintiff in several cases related to the MDL. Riceland brought this suit in the Circuit Court of Arkansas County, Arkansas, against a group of attorneys, including one citizen of Arkansas. Riceland's complaint alleged, *inter alia*, that the defendant attorneys breached a contract of which Riceland is a third party beneficiary. Some of the attorney defendants filed a class-action counterclaim against Riceland. They brought claims against Riceland on their own behalf and on behalf of a larger putative class of persons who had contributed portions of their settlements or judgments to the MDL common benefit fund.[1] The defendants then removed the case to the Eastern District of Arkansas federal court under the Class Action Fairness Act of 2005 (CAFA), alleging removal jurisdiction based on their class-action counterclaim. The Arkansas court transferred the case to this court.[2] Riceland seeks remand to state court. It argues that a counterclaim cannot form the basis for CAFA removal jurisdiction.

---

[1] The allegations of the counterclaim are the same as those brought by many of the same attorneys as plaintiffs in a case pending in this district, *Downing, et al., v. Riceland Foods, Inc.,* Case No. 4:13CV321CDP (E.D. Mo.).
[2] The Arkansas court did not rule on the merits of the remand motion but denied it without prejudice as moot to be re-raised here, and Riceland then refiled the motion to remand.

## Discussion

Congress granted to federal courts the power to hear claims based on diversity of citizenship. *See* 28 U.S.C. § 1332. Diversity jurisdiction has two requirements: (1) no plaintiff in the action can be a citizen of the same state as any of the defendants; and (2) the amount in controversy must exceed $75,000, exclusive of interests and costs. *Id.* Under CAFA, however, district courts also have original jurisdiction over any civil class action in which there is (1) an aggregate amount in controversy of at least $5,000,000, exclusive of interest and costs, and (2) minimal diversity, that is, where at least one plaintiff and one defendant are citizens of different states. 28 U.S.C. § 1332(d)(2), (6).

Any civil action brought in state court and over which the federal courts have original jurisdiction may be removed. *See* 28 U.S.C. § 1441(a). Under Section 1441(b)(2), a defendant who is a citizen of the state in which the action is brought cannot remove the case based upon diversity. However, that limitation does not apply with respect to CAFA removals. 28 U.S.C. § 1453(b). Because removal to federal court is a statutory right and not one granted under the Constitution, removal jurisdiction must be narrowly construed in favor of the non-removing party, and a district court is required to resolve doubts concerning federal jurisdiction in favor of remand. *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997); *In re Bus. Men's Assurance*

*Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993). Moreover, "diversity jurisdiction in removal cases [is] narrower than if the case were originally filed in federal court by the plaintiff." *Hurt v. Dow Chem. Co.*, 963 F.2d 1142, 1145 (8th Cir. 1992).

CAFA's removal statute provides:

> A class action may be removed to a district court of the United States in accordance with section 1446 (except that the 1-year limitation under section 1446(c)(1) shall not apply), without regard to whether any defendant is a citizen of the State in which the action is brought, except that such action may be removed by any defendant without the consent of all defendants.

28 U.S.C. § 1453(b). The removing defendants argue that on its face, this statute allows them to remove the case because they are defendants, even though they are actually the plaintiffs in the class-action counterclaim. Riceland argues that only defendants to the class-action claims can remove under CAFA. The parties have not cited to any cases where a defendant who has now become a counterclaim plaintiff removes under CAFA based on its own pleadings.

Under the non-CAFA removal statute, a plaintiff cannot remove a case to federal court even if it is sued in a counterclaim (and thus becomes a counterclaim defendant). *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 107–09 (1941). The Court in *Shamrock Oil* analyzed the predecessor statute to Section 1441, which authorized removal of suits "by the defendant or defendants therein." *Id.* at 107 (analyzing 28 U.S.C. § 71 (1940)). There, the plaintiff to the original action attempted to remove the state case after being served with a counterclaim that

otherwise could have been brought in federal district court under diversity jurisdiction. *Id.* at 102–03. The Court noted that by limiting the availability of the procedure to defendants, Congress restricted the removal statute, which had from 1875 to 1887 allowed "either party . . . entitled to remove any suit" to do so. *Id.* at 106 (quoting Section 3 of the Act of 1875, 28 U.S.C. § 71). The Court held that a plaintiff/counter-defendant could not remove the case, but that "removal of a cause . . . could be effected . . . only by a defendant against whom the suit is brought by process served upon him." *Id.* at 106–07 (interpreting statute to comport with construction of prior statute in *West v. Aurora City*, 6 Wall. 139, 73 U.S. 139, 142 (1867)).

The *Shamrock Oil* rule has been applied to CAFA in several cases. For example, in *Duetsche Bank National Trust Co. v. Collins*, No. 4:11-CV-4092 SOH, 2012 WL 768206 (W.D. Ark. March 7, 2012), and in *Resurgent Capital Services LP v. Thomason*, No. 12-3436-CV-ODS, 2012 WL 5398289 (W.D. Mo. Nov. 5, 2012), district courts in this circuit held that a plaintiff who is named as a defendant in a class-action counterclaim cannot remove based on CAFA. And in *Westwood Apex v. Contreras*, 644 F.3d 799, 806 (9th Cir. 2011), the Ninth Circuit held that a party added to the case as an additional counterclaim defendant could not remove under CAFA. The cases based their decision on the "any defendant" wording of CAFA and pointed out that if Congress had meant to include

counterclaim defendants it could have said so. *See also Gen. Credit Acceptance Co. LLC v. Deaver*, No. 4:13CV524 ERW, 2013 WL 2420392 (E.D. Mo. June 3, 2013) (original plaintiff cannot remove under CAFA when it became counterclaim defendant, even though its original claims were no longer pending; court declines to "realign" the parties). None of these cases, of course, deals with the issue of whether the original defendant, who becomes a counterclaim plaintiff upon filing a class-action counterclaim, may remove.

The Supreme Court has also held, in the non-CAFA context, that the well-pleaded-complaint rule governs whether a case is removable. *See, e.g.*, *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830 n.2 (2002) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 10 (1983)). In *Holmes*, the Supreme Court used the same test applicable for federal question jurisdiction under 28 U.S.C. § 1331 to determine whether the Federal Circuit had jurisdiction to hear an appeal under 28 U.S.C. § 1338(a).[3] *Id.* at 829–30. As it was undisputed that U.S. patent law did not appear on the face of the plaintiff's complaint, the question became whether the defendant's counterclaim could confer "arising under" jurisdiction. *Id.* at 830. The Court held no: "a counterclaim – which appears as part of the defendant's answer, not as part

---

[3] Section 1331 confers to district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," whereas Section 1338(a) grants "original jurisdiction of any civil action arising under any Act of Congress relating to patents . . . ."

of the plaintiff's complaint – cannot serve as the basis for 'arising under' jurisdiction." *Id.* at 831 (citations omitted).  To hold otherwise would upend the removal process.  *Id.* at 831–32.

The defendants/counterclaim plaintiffs attempt to distinguish *Holmes Group* on the grounds that the case dealt only with "arising under" (federal question) jurisdiction and not with diversity jurisdiction.  It is true that the well-pleaded complaint doctrine developed in the context of federal question jurisdiction, and is based on the "arising under" language.  *See Gully v. First Nat. Bank*, 299 U.S. 109, 112 (1936) (citations omitted).  While the Supreme Court has not applied the doctrine to diversity cases, several courts have done so in holding that a counterclaim may not be used to meet the amount in controversy requirement of diversity jurisdiction.  *See Cent. Assoc'd. Carriers v. Nickelberry*, 995 F. Supp. 1031, 1036 (W.D. Mo. 1998) ("The 'logical and majority rule is that the question of jurisdictional amount is based upon the plaintiff's Petition or Complaint and jurisdiction cannot be invoked by the filing of a counterclaim in the jurisdictional amount, even though such counterclaim is compulsory under state law.'") (quoting *Hall v. Bowman*, 171 F. Supp. 454, 456 (E.D. Mo. 1959)); *see also Shelter Mut. Ins. Co. v. Taylor*, No. 3:10-CV-03089, 2012 WL 174809, at *2 (W.D. Ark. Jan. 23, 2012) (recognizing split but also agreeing with "the rationale of the majority of

courts finding that a counterclaim may not be considered in reaching the amount in controversy in the removal context").[4]

The defendants cite the Supreme Court's decision in *Shamrock Oil* for the proposition that since they are the "original defendant," they may remove the case to federal court. Though the defendants' proposed construction is plausible, it ignores CAFA's enactment within the context of the existing removal framework. *See Westwood Apex v. Contreras*, 644 F.3d 799, 806 (9th Cir. 2011). The inclusion of the phrase "any defendant" eliminated two roadblocks to removal of class actions: "the rule that, in a diversity case, a defendant cannot remove a case

---

[4] *Compare Spectator Mgmt. Grp. v. Brown*, 131 F.3d 120 (3rd Cir. 1997) (finding that the amount of a compulsory counterclaim is part of the controversy set forth in plaintiff's complaint, and therefore may be included in the amount in controversy for jurisdictional purposes, where the defendant chooses to assert a counterclaim instead of moving to dismiss), *Geoffrey E. Macpherson, Ltd. v. Brinecell, Inc.*, 98 F.3d 1241 (10th Cir. 1996) (including defendant's counterclaim in jurisdictional amount), *Swallow & Assocs. v. Henry Molded Prods., Inc.*, 794 F. Supp. 660 (E.D. Mich. 1992) (compulsory counterclaims may be considered in determining the amount in controversy), *with Assocs. Nat. Bank (Del.) v. Erum*, 80 Fed. Appx. 609, 610 (9th Cir. 2003) (unpublished) (["F]ederal question jurisdiction arises only from the face of a well-pleaded complaint, not the defenses or counterclaims alleged by a defendant.") (citing *Takeda v. Nw. Nat'l Life Ins. Co.*, 765 F.2d 815, 821–22 (9th Cir. 1985)), *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1254 (5th Cir. 1998) (finding counterclaims are subsequent events that should not be considered in evaluating the amount in controversy), *Continental Ozark, Inc. v. Fleet Supplies, Inc.*, 908 F. Supp. 668 (W.D. Ark. 1995) (finding that the amount at stake in a counterclaim may not be used in determining the amount in controversy), *Iowa Lamb Corp. v. Kalene Indus., Inc.*, 871 F. Supp. 1149, 1157 (N.D. Iowa 1994) ("[T]his court agrees with those decisions holding that a counterclaim, whether compulsory or not, cannot play any part in establishing the amount in controversy necessary for diversity jurisdiction."), *Oliver v. Haas*, 777 F. Supp. 1040 (D.P.R. 1991) (finding that no part of the required jurisdictional amount may be met by considering a defendant's counterclaim), *Meridian Aviation Serv. v. Sun Jet Int'l.*, 886 F. Supp. 613, 615 (S.D. Tex. 1995) (counterclaims may not be considered in determining the amount in controversy; distinguishing between compulsory and permissive would entail reliance on state law for federal jurisdiction).

from its home forum" and "the rule that all defendants must consent to removal." *Id.* (quoting *Palisades Collections, LLC v. Shorts*, 552 F.3d 327, 331–32 (4th Cir. 2008)); *see also First Bank v. DJL Prop., LLC*, 598 F.3d 915, 917 (7th Cir. 2010).

I must construe the removal statute narrowly and in favor of the non-removing party. *Transit Cas. Co.*, 119 F.3d at 625. Under those principles, and in light of existing precedent as discussed above, I agree with the interpretation proffered by Riceland: Section 1453(b) provides for the removal of a class action "by any defendant [to the class action]."

This reading comports with the existing policy reasons behind the well-pleaded complaint rule. The propriety of removal is gauged by the status of the case at "the time it was filed in state court – prior to the time the defendants file[] their answer . . . ." *See Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 390 (1998) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 291 (1938)). Under the construction proposed by Attorneys, defendants to an otherwise non-removable claim could create federal jurisdiction by bringing spurious class counterclaims. This outcome would completely undermine the existing legal system by "leav[ing] acceptance or rejection of a state forum to the master of the counterclaim," "radically expand[ing] the class of removable cases," and complicating the system for resolving jurisdictional conflicts. *Cf. Holmes*, 535 U.S. at 831–32 (attributing outcomes in context of arising under jurisdiction).

Although Attorneys are "defendants" to the original action, they are plaintiffs with respect to the class action that would confer CAFA jurisdiction. As such, they could not remove the action, and it must be remanded.

Riceland requests an award of attorney fees and costs incurred relevant to its motions for remand.[5] An order remanding a removed case may require payment of attorney fees and costs "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (citing 28 U.S.C. § 1447(c)). As noted above, CAFA amended the removal process for class actions. Moreover, as recognized by at least one court, legal scholars have argued that CAFA's inclusion of the phrase "any defendant" broadened the removal statute in a fundamental way. *See, e.g.*, *Palisades Collections*, 552 F.3d at 339 (Niemeyer, J., dissenting) (citations omitted). There is no single controlling decision on this issue, and it is objectively reasonable for Attorneys to attempt to extend this area of law. I will not award fees or costs.

**IT IS HEREBY ORDERED** that plaintiff's motion to remand [# 37] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's request for attorneys' fees and costs is **DENIED**.

---

[5] Riceland also filed a motion to remand before this case was transferred to me.

**IT IS FINALLY ORDERED** that this case is **REMANDED** to the Arkansas Circuit Court for Arkansas County, from which it was removed, for lack of subject matter jurisdiction.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 20th day of June, 2014.